UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOHNNY GAINEY,

                          Petitioner,
   v.                                                   9:24-CV-1106
                                                                       (GTS/TWD)
MARK ROCKWOOD, Superintendent,

                          Respondent.

_____

APPEARANCES:                                        OF COUNSEL:

JOHNNY GAINEY
Petitioner, pro se
18-B-0448
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also remitted the statutory filing fee with his pleading. Dkt. Entry dated 09/16/24 (memorializing receipt information for the filing fee transaction).

**II.   THE PETITION**

Petitioner's underlying criminal conviction is from a 2018 judgment, from Onondaga County, for third degree rape and third degree criminal sexual act. *See* New York State Department of Corrections and Community Supervision Inmate Lookup,

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

https://nysdoccslookup.doccs.ny.gov/ (searching "Gainey, Johnny") (last accessed September 30, 2024).  Petitioner was later released on parole.  *Id.*; *see also* Pet. at 1, 5.

Sometime thereafter, petitioner was issued violations for failing to (1) report to parole as ordered and (2) abide by his curfew.  Pet. at 1.  Petitioner pled guilty to the charges.  *Id.*  On November 14, 2023, it appears petitioner's parole was revoked, and he was sentenced to twenty-two months' incarceration.  *Id.*

The procedural history of the parole revocation as well as the steps that petitioner took to challenge it are, at best, unclear.  However, it appears that petitioner filed a counseled appeal challenging the revocation, and petitioner argues that it remains pending before the New York State Appellate Division beyond the 120-day maximum for the court to issue its decision.  Pet. at 2, 5-6, 9, 12.

Petitioner argues that he is entitled to federal habeas relief, specifically release from incarceration and return to parole, because, pursuant to the Less is More Act, his technical violations were insufficient to result in incarceration.  *Id.* at 5, 7.  Moreover, petitioner contends that the parole board failed to correctly categorize his violations and wrongfully sentenced him as a Category 1 violator.  *Id.* at 8.

III.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court

2

prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"The typical path for exhausting a claim concerning a petitioner's parole revocation proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding."  *McCullough v. New York State Div. of Parole*, No. 9:11-CV-1112 (DNH), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) (citations omitted); *see also* N.Y. Comp. Codes R & Regs tit. 9, §8006.1.  "If the Article 78 petition is denied, the petitioner must then appeal that denial to the 'highest state court capable of reviewing it.'"  *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)); *see also Santiago v. Unger*, No. 1:12-CV-133, 2013 WL 227757, at *8 (W.D.N.Y. Jan. 22, 2013) (explaining that the first step after the denial of an Article 78 petition is to "then appeal the denial to New York's intermediate appellate court, the Appellate Division.") (citations omitted).

Here, it is unclear whether petitioner engaged in the administrative appeal process or an Article 78 proceeding.  Further, the undersigned is also unsure how any of those challenges were resolved.  However, it is presumed that petitioner navigated his way through

those state court remedies with unsuccessful results since petitioner represents that (1) he challenged his parole revocation through an appeal and (2) he is presently waiting on a decision from the Appellate Division, which is the final step in successfully exhausting one's state court remedies for a challenge to a parole revocation.  Consequently, the instant action is premature because it was filed before petitioner's state court remedies were fully exhausted.

IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** as premature for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[2]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: October 4, 2024

*signature*

Glenn T. Suddaby
U.S. District Judge

---

[2] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).